IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,     *

vs.     *

       CASE NO. 4:11-CR-33 (CDL)

LANCE BROWN,     *

    Defendant.     *

_____

O R D E R

At the close of Defendant's case, the Government made an oral motion in limine to prevent Defendant's counsel from arguing the affirmative defense of necessity in his closing argument to the jury. Defendant testified during his examination that he threw a brick through the front glass doors of the United States Post Office and Federal Court Building because he wanted to be arrested. He further testified that he wanted to be arrested because he was homeless and hungry and felt that being taken into federal custody was his best shot at obtaining a meal and avoiding another night sleeping outside. Defendant's counsel maintains that a jury question exists as to whether Defendant's alleged criminal conduct was justified based upon necessity. Based upon the Court's evaluation of the evidence and the applicable law, the Court finds that Defendant has not presented sufficient evidence from which a reasonable jury could conclude that his conduct was justified based upon

the affirmative defense of necessity. Accordingly, the Government's motion in limine is granted, and Defendant's counsel shall not argue the necessity defense during his closing argument.

"To prevail on a necessity defense, a defendant must establish by a preponderance of the evidence" that:

> (1) he was under a present, imminent, and impending threat of death or serious bodily injury, (2) he did not recklessly or negligently place himself in a situation where he would be forced to engage in criminal conduct, (3) he had no reasonable, legal alternative to violating the law, and (4) his criminal conduct bore a direct causal relationship to avoiding the threatened harm.

*United States v. Ashu,* 447 F. App'x 71, 72 (11th Cir. 2011) ("[p]roving imminent danger requires nothing less than an immediate emergency") (internal quotation marks omitted); *see also United States v. Deleveaux,* 205 F.3d 1292, 1297 (11th Cir. 2000) (necessity defense is only available in "extraordinary circumstances"); *United States v. Dicks,* 338 F.3d 1256, 1258 (11th Cir. 2003) (failure to avail oneself of a viable legal alternative eliminates necessity defense); *United States v. Montgomery,* 772 F.2d 733, 736 (11th Cir. 1985) (reasonable legal alternatives preclude necessity defense). The Court finds that Defendant failed to produce evidence that he was under a present, imminent and impending threat of death or serious bodily injury sufficient to invoke the necessity defense.

Furthermore, Defendant also failed to produce sufficient evidence that he had no reasonable alternative to violating the law, and thus the necessity defense is not available to him for this reason also.

Defendant argues that if he had not thrown the brick through the window, he would have had to spend another night outside and could not have found anything to eat. Although such a predicament would certainly be uncomfortable, no evidence was presented that these circumstances created a present, imminent and impending threat of serious bodily injury or death. Any such conclusion would be based on sheer speculation. Moreover, while the Defendant did testify that he had attempted to locate a place to obtain shelter and food, his evidence certainly did not show that he had exhausted all reasonable legal alternatives. In fact, the uncontradicted evidence showed that shortly before he threw the brick through the window, one United States Probation Officer gave him a list of other places to investigate and another Probation Officer gave him a few dollars in cash. But he refused both the list and the cash.

Although Defendant's plight prior to the alleged commission of the crime is certainly unfortunate, the circumstances do not rise to that extraordinary level to justify his alleged criminal conduct. Accordingly, he is not entitled to assert the affirmative defense of necessity.

IT IS SO ORDERED, this 24th day of April, 2012.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE